UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CORDELE THEATER COMPANY, INC., | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : |
| | : 1:06-CV-176-MHS |
| GALILEO APOLLO IV SUB, LLC, as successor in interest to NEW PLAN EXCEL REALTY TRUST, INC., | : |
| | : |
| Defendants and Third-Party Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| AMERICAN SCREEN WORKS, INC., | : |
| | : |
| Third-Party Defendant. | : |

## ORDER

This action is before the Court on plaintiff's motion for preliminary injunction, defendants' motion for default judgment on their counterclaim,

and plaintiff's motion to set aside default. The Court's rulings are set out below.[1]

Background

On December 30, 2004, plaintiff Cordele Theater Company, Inc. (CTC), entered into a Lease with defendant New Plan Excel Realty Trust, Inc. (New Plan), predecessor in interest to defendant Galileo Apollo IV Sub, LLC (Galileo). Under the Lease, CTC agreed to lease space in the Cordele Square Shopping Center in Cordele, Georgia, for a term of fifteen years for the operation of a movie theater. Third-party defendant American Screen Works, Inc. (ASW), executed a Guaranty guaranteeing payment of the rent and performance of all of CTC's other obligations under the Lease.

---

[1] The Court grants defendants' unopposed motions for a 10-day extension of time from the date of this order to file initial disclosures, a certificate of interested persons, and a joint preliminary report and discovery plan and for leave to file a supplemental brief in opposition to plaintiff's motion for preliminary injunction. The Court strikes plaintiff's motion in opposition to defendants' motion for default judgment. Plaintiff's brief in opposition is the only necessary or appropriate response to defendants' motion. Finally, the Court will address defendants' motion to dismiss the third-party defendant's counterclaim in a separate order after the time for response to that motion has expired.

As part of the Lease, New Plan agreed to pay CTC a construction allowance of $425,000 to cover a percentage of the cost of building out the premises for use as a movie theater. The Lease required New Plan to make monthly progress payments of the construction allowance to CTC so long as CTC was not in default under the terms of the Lease. The progress payments were to be made pursuant to monthly requisitions submitted by CTC covering the costs incurred during the preceding month, less a 10% retainage.

CTC entered into an agreement with Crumley's Construction Company (Crumley's) to perform the necessary build out, and it contracted with various equipment suppliers for theater seats, projection equipment, and sound equipment. According to CTC, New Plan paid CTC the first three progress payments but then failed to make the following three payments, which were due pursuant to requisitions submitted to New Plan on August 10, September 20, and October 13, 2005. CTC contends that because of New Plan's failure to make these payments, it was unable to pay Crumley's and had to order Crumley's to cease work.

Defendants deny that they defaulted on their obligation to make progress payments under the Lease. Instead, defendants contend that it is CTC who defaulted by failing to pay any rent since September 2005 and by failing to complete the build out. Defendants argue that CTC's default relieved them of any further obligation to make progress payments under the Lease. On November 15, 2005, New Plan notified CTC that, due to its defaults, New Plan was exercising its right to retake possession of the premises and of all personal property on the premises, which included theater chairs, projection equipment, concession equipment, and other property. On December 9, 2005, Galileo instituted formal dispossessory proceedings in Crisp County Superior Court. CTC did not respond, and on January 24, 2006, the superior court granted Galileo a writ of possession.

Meanwhile, on December 19, 2005, CTC filed this action against New Plan and Galileo in the Superior Court of Fulton County alleging that they had breached the Lease by failing to make required progress payments toward the construction allowance, as a result of which CTC had been unable to pay its contractor and had been forced to order the contractor to cease work

at the premises. CTC's complaint seeks damages in excess of $500,000 for the alleged breach plus attorneys' fees for defendants' alleged bad faith.

On January 26, 2006, defendants removed the case to this Court and filed a counterclaim alleging that CTC was in default under the Lease as a result of its failure to pay rent and to perform the work necessary to open and operate the premises as a theater. In a subsequent amendment, defendants also alleged that CTC had submitted a fraudulent invoice and two forged lien waivers in an attempt to obtain reimbursement from defendants pursuant to the Lease. Defendants assert claims for breach of contract, unjust enrichment, and fraud, and seek to recover both compensatory and punitive damages as well as attorneys' fees. Defendants have also filed a third-party complaint against ASW seeking to recover under the Guaranty.

On February 13, 2006, CTC filed a motion for preliminary injunction seeking an order restraining and enjoining defendants "from possessing, selling, transferring, sharing, or otherwise using Plaintiff's theater chairs, projection equipment, concession equipment, and other property" remaining in the leased premises. (Mot. for Prelim. Inj. at 1-2.)

On February 22, 2006, defendants moved the Clerk to enter CTC's default due to its failure to respond to the counterclaim. On February 23, the Clerk entered CTC's default, and on the same day, defendants filed a motion for default judgment against CTC on the counterclaim. The next day, CTC filed an answer to the counterclaim together with a motion to set aside its default.

## Discussion

I.  Motion for Default Judgment and Motion to Set Aside Default

Relief from entry of default may be granted "[f]or good cause shown." Fed. R. Civ. P. 55(c). The decision whether to set aside default is within the discretion of the trial court, which should construe such motions liberally in favor of the moving party. See Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc., 192 F.R.D. 171, 174 (E.D. Pa. 2000). Courts look with disfavor on default judgments; therefore, "in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." Cassel v. Philadelphia Main. Co., 198 F.R.D. 67, 68 (E.D. Pa. 2000).

6

In determining whether there is good cause to set aside a default, courts consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 86 F.3d 948, 951 (11th Cir. 1996). Courts should also consider the effectiveness of alternative sanctions. See Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3rd Cir. 1987).

In this case, it appears that CTC's failure to file a timely reply to defendants' counterclaim was not culpable or willful. According to affidavits submitted by CTC's lead counsel and associate counsel, the failure was due to a misunderstanding between counsel as to who was to prepare and file the reply. Such a failure in communication between counsel constitutes excusable neglect. See Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996).

Furthermore, it does not appear that defendants would be unfairly prejudiced by opening the default. Defendants do not argue that CTC's delay in responding to the counterclaim has in any way prejudiced them. Instead,

7

they simply want to avoid the "prejudice" of having to prosecute their claims on the merits. However, that is not the type of prejudice that is relevant to whether a default should be set aside. See Jackson v. Delaware County, 211 F.R.D. 282, 283 (E.D. Pa. 2002).

Finally, "[t]he showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" United States v. Properties Described in Complaints, 612 F. Supp. 465, 469 (N.D. Ga. 1984)(quoting United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3rd Cir. 1984)). Here, by specifically alleging in the complaint that its own defaults were caused by defendants' failure to make the required progress payments, CTC has asserted a potentially meritorious defense to the portion of the counterclaim based on CTC's alleged breach of the Lease. However, with regard to defendants' fraud claim, which is based on CTC's alleged submission of a false invoice and two forged lien waivers, CTC has offered no defense whatsoever.

Where a defaulting party sets forth a potentially meritorious defense to fewer than all claims, the Court will set aside default only as to the claims

8

for which a defense has been demonstrated. See Indus. Process Equip., Inc. v. Lumbermen's Mut. Cas. Co., 104 F.R.D. 577, 579 (D. Me. 1985). Furthermore, where a defaulting party fails to state specific facts that would establish a meritorious defense, the Court may apply an alternative sanction of conditionally denying the motion to set aside default, subject to reconsideration if the movant files a pleading with a supporting affidavit setting forth such facts. See Choice Hotels, 192 F.R.D. at 175-76.

The Court concludes that CTC is entitled to have its default set aside with respect to the portion of the counterclaim based on its alleged breach of the Lease. However, due to CTC's failure to set forth facts establishing a potentially meritorious defense to defendants' fraud claim, the Court will conditionally deny CTC's motion to set aside default as to that claim, subject to reconsideration, if, within 10 days of the date of entry of this order, CTC files a motion for reconsideration supported by an affidavit setting forth specific facts demonstrating a meritorious defense. The Court will deny defendants' motion for default judgment, but such denial shall be without prejudice to their refiling the motion as to the fraud claim, if CTC fails to file

AO 72A
(Rev.8/82)

a motion for reconsideration together with a supporting affidavit demonstrating a potentially meritorious defense to that claim.

II.  <u>Motion for Preliminary Injunction</u>

To obtain a preliminary injunction, CTC must establish (1) that it has a substantial likelihood of success on the merits of its complaint, (2) that it will suffer irreparable harm if an injunction is not granted, (3) that the harm suffered by CTC if an injunction is not granted outweighs the harm defendants would suffer if an injunction is granted, and (4) that an injunction would not disserve the public interest. <u>Doe v. Busbee</u>, 471 F. Supp. 1326, 1329 (N.D. Ga. 1979). On the record before the Court, CTC has clearly not established a substantial likelihood of success on the merits of its complaint. Therefore, the Court need not consider the other factors before denying CTC's motion.

In support of its motion, CTC relies entirely on the affidavit of its CEO, James T. Duffy. However, Mr. Duffy's affidavit contains no evidence to support CTC's claim that defendants defaulted on their obligation under the Lease to make progress payments. Instead, Mr. Duffy focuses on the value

10

of the specialized theater equipment that would be the subject of the injunction and the speculative nature of CTC's damages arising from its inability to sell the equipment. Thus, CTC offers no evidence to support its central claim in this case, i.e., that defendants breached the Lease.

On the other hand, in support of their opposition to CTC's motion, defendants have submitted substantial evidence in the form of affidavits and supporting documents to support their contention that it is CTC that is in default, not defendants. Consequently, on the present record, it is defendants and not CTC who have demonstrated a substantial likelihood of success on the merits. Therefore, CTC's motion for a preliminary injunction must be denied.[2]

---

[2] In their supplemental brief in opposition to CTC's motion for preliminary injunction, defendants ask the Court to enter an order declaring that they are the owners of the property currently located in the leased premises. Such an order, defendants argue, would facilitate their lease of the premises to a replacement tenant and enable them to mitigate their damages. The Court denies defendants' request for two reasons. First, a request for a ruling or order from the Court must be made by motion, so that the adverse party will have an opportunity to respond. Second, at this stage of the proceedings, before the merits of the parties' competing claims have been fully presented, it is premature for the Court to determine ownership of the property at issue. The Court notes that, since it has denied CTC's request for a preliminary injunction, there is nothing to prevent defendants from including the property in a lease with a replacement tenant.

Summary

For the foregoing reasons, the Court DENIES plaintiff's motion for preliminary injunction [#7]; DENIES defendants' motion for default judgment [#9]; and GRANTS IN PART AND CONDITIONALLY DENIES IN PART plaintiff's motion to set aside default [#11]. If, within 10 days of the date of entry of this order, plaintiff files a motion for reconsideration supported by an affidavit setting forth specific facts demonstrating a potentially meritorious defense to defendants' fraud claim, the Court will reconsider its denial of plaintiff's motion to set aside default as to that claim. If plaintiff fails to file such a motion, defendants may refile their motion for default judgment as to that claim. The Court GRANTS defendants' motion for extension of time to file initial disclosures, certificate of interested persons, and joint preliminary report and discovery plan [#12]; STRIKES plaintiff's motion in opposition to defendants' motion for default judgment [#14]; and GRANTS defendants' motion for leave to file supplemental brief [#17].

IT IS SO ORDERED, this 25 day of April, 2006.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)