UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CORDELE THEATER COMPANY, :
INC.,
                              :
    Plaintiff,
                              :
                                    CIVIL ACTION NO.
v.                            :
                                    1:06-CV-176-MHS
                              :
GALILEO APOLLO IV SUB, LLC,
as successor in interest to NEW   :
PLAN EXCEL REALTY TRUST,
INC.,                         :

    Defendants and Third-Party  :
    Plaintiffs,
                              :
v.
                              :
AMERICAN SCREEN WORKS,
INC.,                         :

    Third-Party Defendant.     :

## ORDER

This action is before the Court on the motion of defendant Galileo Apollo Sub, LLC, as successor in interest to New Plan Excel Realty Trust, Inc. (Galileo), for entry of default judgment against plaintiff Cordele Theatre Company, Inc. (CTC), on the fraud count of Galileo's counterclaim. For the following reasons, the motion is denied.

AO 72A
(Rev.8/82)

In its Order of July 20, 2006, the Court refused to set aside CTC's default on the fraud count of Galileo's counterclaim. The Court explained, however, that no default judgment would be entered for two reasons: "because CTC's and Galileo's other claims remain pending and the precise amount of Galileo's damages must be determined." Order of July 20, 2006, at 7 n.1. Although CTC subsequently dismissed all of its claims, the other four counts of Galileo's counterclaim, as well as its third-party claim against American Screen Works, Inc., remain pending. See Joint Stipulation Dismissing Plaintiff's Complaint With Prejudice, filed September 20, 2006.

Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). Galileo has not sought a determination and direction pursuant to Rule 54(b), nor has Galileo made any showing to support a finding by the Court that there is no just reason for delay in entering a final

2

judgment on Count Three of its counterclaim. In fact, since the fraud claim and the still pending claims are all closely related and because of the strong federal policy against piecemeal appeals, there would appear to be no good reason to proceed with entry of judgment on the fraud count of the counterclaim before the remaining claims have been adjudicated.

Accordingly, the Court **DENIES** defendant's motion for entry of default judgment [#33].

IT IS SO ORDERED, this 10 day of October, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

3

AO 72A
(Rev.8/82)